# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KARLA HOWELL,

      Plaintiff,

v.

      Case No. 1:19-cv-373
      JUDGE DOUGLAS R. COLE

NAPHCARE, INC., *et al.*,

      Defendants.

## OPINION AND ORDER

This Section 1983/wrongful death case has an already-extensive procedural history. It includes a trip to the Sixth Circuit appealing this Court's opinion granting summary judgment to all Defendants on the federal claims, with that appeal resulting in a partial reversal as to two Defendants. And, in its summary judgment opinion dismissing the federal claims, this Court had also dismissed without prejudice certain pendent state law claims. *See* 28 U.S.C. § 1367. Now, following remand from the court of appeals, the Court has reasserted supplemental jurisdiction over those claims at the parties' request. On top of all that, the two remaining Defendants have each filed a petition for certiorari seeking review of the Sixth Circuit decision in the Supreme Court, and those remain pending. As things stand, this case is headed for trial on the two federal claims that the Sixth Circuit reinstated, along with the state law claims, but no trial date has been set.

Against that backdrop, this case is currently before the Court on Plaintiff's Motion for Leave to Identify Additional Expert Witness. (Doc. 127). Howell seeks leave to have an additional medical expert testify at trial in response to a causation

argument that Defendants raised, but that the Court did not reach, on summary judgment. In particular, Howell seeks to add an emergency medicine doctor to bolster another medical expert's opinion that, had Hamilton County Justice Center personnel transferred her son (the decedent here) to a hospital more quickly, he would have survived the sickle cell disease incident that resulted in his death. For the reasons below, the Court **GRANTS** the Motion (Doc. 127).

## BACKGROUND

This action arose after Cornelius Pierre Howell (Detainee Howell)[1] died from rhabdomyolysis, a complication of sickle cell disease, while he was detained as an inmate at the Hamilton County Justice Center (the Jail). (Am. Compl., Doc. 27, #83–92; Doc. 87-3, #1693). Prison medical personnel had examined him late in the afternoon on December 9, 2018, after he initiated a physical altercation with his cellmate. (Doc. 27, #87). But they diagnosed his behavior as resulting from psychological issues, not medical ones, and had him placed in a restraint chair, rather than transferring him to a hospital. (*Id.* at #88–89). He died later that evening. (*Id.* at #91).

Karla Howell, as administratrix of Howell's Estate, sued Defendants Matthew Collini, Daniel Erwin, Justin Hunt, Brad Buchanan, and Jim Neil (the County Defendants), along with Defendants NaphCare, Inc., Pierette Arthur, and Christina

---

[1] Karla Howell is the administratrix of Cornelius Howell's estate and the plaintiff in this action. To avoid confusion, the Court refers to Karla Howell as "Plaintiff" or "Howell," and to Cornelius Howell as "Detainee Howell."

2

Jordan (the Naphcare Defendants). (Compl., Doc. 1, #1–2; Doc. 27 #84–86).[2] The County Defendants are the corrections officers who interacted with Howell in connection with his medical incident, along with their direct or indirect supervisors. (Doc. 27, #84–86). Naphcare is the entity with whom the County contracts to provide medical services at the Jail. (*Id.* at #84). And the individual Naphcare Defendants are the nurses who participated in some way in providing Detainee Howell's care on the night of his death. (*Id.*). In the suit, Howell claimed, *inter alia*, that Defendants were deliberately indifferent to Detainee Howell's serious medical needs in violation of the Fourteenth Amendment. (*Id.* at #92, 94, 95). Howell also asserted various corresponding state law claims, such as negligence and wrongful death. (*Id.* at #93, 96–97).

On November 2, 2021, this Court granted the County Defendants' Motion for Summary Judgment (Doc. 84) and the NaphCare Defendants' Motion for Summary Judgment (Doc. 85) as to all of Howell's federal claims on behalf of Detainee Howell's Estate. (Op., Doc. 105). The Court also dismissed the remaining state-law claims without prejudice for lack of subject-matter jurisdiction. (*Id.*, citing 28 U.S.C. § 1367).

Howell appealed the dismissal of her federal claims. (Doc. 107). Earlier this year, the Sixth Circuit affirmed in part and reversed in part the Court's decision. (Doc. 123, #2264). Specifically, the appeals court determined that the deliberate indifference claims against one of the two NaphCare nurses (Jordan) and one of the corrections officers (Erwin) should proceed. (*Id.* at #2263). The court affirmed

---

[2] She later dismissed the claims against Buchanan. (Stipulation of Dismissal, Doc. 74).

3

summary judgment as to all remaining federal claims but invited this Court to consider on remand whether to reassert supplemental jurisdiction over the state-law claims given the reinstatement of the two federal claims. (*Id.*).

At a follow-up telephone status conference, the parties asked the Court to do just that. (Mins. 7/19/23; Order, Doc. 126, #2270–71). This Court then agreed to once again accept supplemental jurisdiction over the state-law negligence, wrongful death, and survivorship claims against Jordan, and the state-law wrongful death and survivorship claims against Erwin. (Doc. 126). And the Court also exerted supplemental jurisdiction over Howell's negligence, wrongful death, and survivorship claims against NaphCare, Inc. (*Id.*).

Three other things bear mentioning up front. First, while the appeal to the Sixth Circuit was pending, Howell sued Defendants in the Hamilton County Common Pleas Court re-asserting the state-law claims this Court had dismissed without prejudice (and over which the Court has now asserted jurisdiction again). (Doc. 127, #2273). In that state-court action, Plaintiff identified Dr. Scott Hayes as an additional expert witness. (*Id.*; *see also* Opp'n, Doc. 128, #2278). That is the same witness she now seeks to add here, with those claims now back in federal court.

Second, as noted in passing, both the remaining County Defendant (Erwin) and the remaining Naphcare Defendant (Jordan) have filed petitions for a writ of certiorari seeking Supreme Court review of the Sixth Circuit's decision reversing in part this Court's grant of summary judgment on the federal claims. Briefing on those petitions is not yet complete.

4

Third, and perhaps most relevant to the instant motion, the calendar deadlines for this matter, including the deadlines to disclose witnesses and conduct discovery, have long-since expired. (Doc. 127, #2273). Thus, given her desire to call Dr. Hayes, Plaintiff moved for leave to identify an additional expert witness on August 16, 2023. (*Id.*). The NaphCare Defendants opposed the Motion on August 30. (Doc. 128).[3] Plaintiffs replied on September 6. (Doc. 129). Based on that briefing, the parties appear to disagree on whether Defendants had a fair opportunity to depose Dr. Hayes. Defendants point to Howell's refusal to produce Dr. Hayes for deposition in April 2023. (Doc. 128, #2279, 2286). Howell responds that she "offered in January 2023, well before the filings attached to Naphcare's Response, to allow Defendants to depose Dr. Hayes 60-days after the close of discovery." (Doc. 129, #2297–98). And she says Defendants "mischaracterize[] the history of the underlying dispute" and have only been unable to depose Dr. Hayes due to their own lack of diligence. (*Id.*).

In any event, the matter is now ripe.

## LAW AND ANALYSIS

The parties briefed this matter as though this were a dispute about amending the case schedule, which is governed by Federal Rule of Civil Procedure 16(b)(4). But given the unique procedural posture, the Court finds the situation more akin to a motion for leave to identify a new witness out of time, which falls within the purview of Federal Rules of Civil Procedure 26 and 37. While Howell identified Dr. Hayes as a witness during state court proceedings, those proceedings never would have

---

[3] The County Defendants did not oppose Plaintiff's Motion. (Doc. 129, #2297 n.1).

5

occurred but for this Court's now-void order dismissing the state-law claims. And if this Court had instead resolved the original summary judgment motion as the Sixth Circuit concludes that the Court should have (denying summary judgment on two of the federal claims), the matter would have proceeded to trial, and Howell presumably would have sought to add Dr. Hayes to that trial, just as she does now. So really, the question here is whether the Court should allow Howell to supplement her earlier expert witness disclosures to add an expert witness in response to an argument that Defendants raised on summary judgment.

Rule 26(a)(2) governs expert disclosure. It requires a party to "disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence." As a general matter, a written report is also required. *Id.* And the rule addresses timing, providing that "[a] party must make these disclosures at the times and in the sequence that the court orders," subject to supplementation as proved in Rule 26(e). *Id.* Rule 26(e), in turn, states that a party:

> must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Fed. R. Civ. P. 26(e).

Rule 37 then covers instances where parties fail to timely comply with their disclosure obligations under Rule 26. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness … unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In short, "Rule 37(c)(1) requires absolute

compliance with Rule 26(a) and (e) unless … the failure to comply was substantially justified or harmless." *Oster v. Huntington Bancshares Inc.*, No. 2:15-cv-2746, 2017 WL 3208620, at *10 (S.D. Ohio July 28, 2017). And, if a party seeks to avail itself of that escape hatch, "[t]he party accused of failing to comply with Rule 26 has the burden to prove its failure to disclose or supplement was substantially justified or harmless." *Thomas v. McDowell*, No. 2:10-cv-152, 2014 WL 5305501, at *2 (S.D. Ohio Oct. 15, 2014) (citing *Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir.2003)).

Courts in the Sixth Circuit consider five factors in determining whether an omitted or late disclosure is "substantially justified" or "harmless." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). Those are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.*

Those factors weigh in favor of granting Howell's Motion. Let's take them in the listed order. *First*, Defendants would have difficulty claiming surprise. Howell produced Dr. Hayes's report in the state court case ten months before filing the instant motion. (Doc. 127, #2275). She also indicates that Dr. Hayes would present "narrowly focused testimony" about whether the decedent would have survived if he had been taken to the emergency room. (*Id.*). Dr. Steinberg, who Howell previously disclosed in this action, already offered testimony on that issue at the summary judgment stage before this Court dismissed the state-law claims. (Doc. 129, #2299).

7

But Steinberg is a sickle cell disease expert, not an emergency medicine expert. (*Id.*). So, Howell seeks to add Dr. Hayes merely to rebut Defendants' argument that Steinberg does not have an authoritative basis on which to opine about what may have happened in an emergency room when responding to a potential sickle cell incident. While that is admittedly a different angle, neither the issue nor Dr. Hayes himself (given his disclosure in state court) should particularly surprise Defendants.

*Second*, Defendants can cure any surprise. Howell has said she will make Dr. Hayes available for deposition. (Doc. 127, #2275). And, contrary to Defendants' claim that the Motion "identif[ies] a new expert right before a jury trial," (Doc. 128, #2282), the Court has not set a new trial date since it received the case on remand. (Doc. 129, #2298). Indeed, the case is currently pending, at least in some fashion, before the Supreme Court, and any trial should at the very least await that Court's disposition of the two petitions. Moreover, when this Court does set a trial date, it can do so with the timing of Dr. Hayes's disclosure in mind. Relatedly, the Court will also offer Defendants the opportunity to name a rebuttal expert on the same narrow issue on which Dr. Hayes will testify, should they wish to do so. In short, Defendants should be able to fully cure any surprise and should not be prejudiced, especially as Dr. Hayes's opinions will be similar to those offered in Dr. Steinberg's report. *Cf. Whiteside v. State Farm Fire & Cas. Co.*, No. 11-10091, 2011 WL 5084981, at *2 (E.D. Mich. Oct. 26, 2011) (finding no prejudice where a proposed substitute witness was identified three months before trial and would present "substantially similar" findings).

8

*Third*, allowing Dr. Hayes to testify would be minimally disruptive, if at all. As noted, the Court has yet to set a trial date, so there is no existing timeline to disrupt. Dr. Hayes also would not introduce new issues that would substantially delay the trial because his narrow testimony would be a second opinion, from a slightly different vantage point, on a single already-existing issue. Therefore, the third *Howe* factor weighs in favor of granting the Motion.

*Fourth*, Dr. Hayes intends to offer expert testimony on an issue that he, as an emergency room physician, is uniquely qualified to address. That testimony would be on point, not "speculative." *See Pummell v. Burkes*, No. 2:15-cv-3034, 2018 WL 1875596, at *3 (S.D. Ohio Apr. 19, 2018) (refusing to allow supplemental witnesses where "the testimony of the five supplemental witnesses [would be] speculative at best"). And that testimony is important. A key question in this matter undoubtedly will be whether Detainee Howell would have survived had he received earlier treatment at a hospital. If that is not the case—if a jury were to conclude that he would have died even had the Jail immediately transported him after he arrived at the medical sallyport—that almost certainly dooms any claim based on his death.

*Fifth* and finally, nothing in the record or briefing suggests that Howell deliberately withheld information about Dr. Hayes from Defendants. Howell's existing witness, Dr. Steinberg, is an expert on sickle cell diseases but not an emergency room physician. (Doc. 129, #2999). After Defendants criticized Dr. Steinberg's opinion at the summary judgment stage, Howell realized this potential gap in her expert testimony. (*Id.* at #2298-99). She then identified Dr. Hayes, an

9

emergency room physician, to supplement Dr. Steinberg's opinion in the state court proceedings. (*Id.*). Seeking to shore up a potential shortcoming shortly after identifying it looks like an "honest mistake," not gamesmanship. *See Cincinnati Holding Co., LLC v. Fireman's Fund Ins. Co.*, No. 1:17cv105, 2020 WL 635655, at *5 (S.D. Ohio Feb. 11, 2020) ("[H]armless[ness] involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.") (cleaned up).

Beyond that, Defendants argue that it would be unfair to allow Howell to identify Dr. Hayes after refusing to allow his deposition in the state court proceedings. (Doc. 128, #2282). But Howell's Reply suggests that the story is more nuanced than Defendants claim. (Doc. 129, #2298–99). In any event, Howell has made clear that she would make Dr. Hayes available for deposition here. Defendants also point to the time and expense necessary to depose Dr. Hayes, and to "possibly re-formulate trial strategy." (Doc. 128, #2282). But it is unclear why the minimal added expense, or the need to re-formulate trial strategy to account for the actual facts of the case, constitutes undue prejudice that should preclude the Court from allowing Howell to identify Dr. Hayes, rather than mere inconvenience.

In summary, the *Howe* factors support granting the Motion and Defendants' other arguments regarding prejudice are unavailing. Therefore, the Court will grant the Motion.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Howell's Motion for Leave to Identify Additional Expert Witness (Doc. 127) but **ORDERS** that Defendants (1) shall have thirty days after entry of this Order in which to depose him, and (2) shall have thirty days after the date of his deposition in which to disclose a rebuttal emergency medicine expert if they wish. If Defendants do so, Howell shall have leave for thirty days after such disclosure in which to depose that expert.

**SO ORDERED.**

September 26, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**